UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEITH A. KENT,

                            Plaintiff,

                -vs-                              08-CV-414-JTC

GLADYS M. DROUGHT, et al.,

                            Defendants.

Plaintiff alleges in his complaint that he is a logger and arranged for a contract with defendant Gladys M. Drought. The other defendants named in the complaint are Ms. Drought's brother, Edward Stymus; and her daughter, Sharon Leo; Joseph V. Cardone, District Attorney of Orleans County; and the County of Orleans. Plaintiff asserts that defendant Cardone acted under color of state law but outside the scope of his prosecutorial duties.

Plaintiff alleges that in January of 2006, plaintiff and defendant Gladys Drought entered into an agreement by which plaintiff agreed to log 79 designated trees on her property, in addition to an unspecified number of culled trees to be logged at plaintiff's discretion. Under the contract, plaintiff was to pay defendant Drought $11,000.00 for the designated trees, and plaintiff would pay defendant an additional sum for the culled trees based on timber volume. In his complaint, plaintiff estimated that the additional payment to defendant would be approximately $4,000.00 to $6,000.00

Plaintiff gave to defendant Drought a check in the amount of $1,000.00 as a down payment due to defendant. The contract provided that plaintiff was to install a 24-by-36-

inch culvert on Drought's property so that he could reach Drought's wooded lot.  He also had to improve a laneway on the neighbor's property so that he could have access to the cut logs.

On February 2, 2006, plaintiff started to cut the trees in accordance with the contract and remove the culled trees.  On February 20, 2006, defendant Stymus, while carrying a gun, approached plaintiff while he was working on Drought's property.  He accused plaintiff of being a thief and said that he wanted to have an expert determine the value of the trees.  Plaintiff agreed not to dispose of the cut trees so that a representative of defendants could evaluate them.  Plaintiff continued to work on the property and kept the cut trees for a period of two weeks so that defendants Drought, Stymus, and Leo could have the cut trees evaluated.  After two weeks, in which no one came to evaluate the trees, plaintiff sold the logs.

On February 26, 2006, defendant Leo contacted the New York State Police and filed a complaint against plaintiff, alleging that he unfairly convinced defendant Gladys Drought to sign a contract with him.  Defendant Leo requested that charges be brought against plaintiff for larceny of the trees which were cut beyond the 79 trees specified in the contract.

Plaintiff alleges that on May 23, 2006, at the instigation of defendants Drought, Leo, and Stymus, plaintiff was arrested by Investigator Michael Notto of the New York State Police and charged with the crimes of grand larceny in the third degree, unlawful removal of protected plants, and trespass.  He was taken to the State Police barracks, where he was detained for about 1 ½ hours.  He was then taken to court, where he was arraigned and released on his own recognizance.  Plaintiff states that his arrest, brought about at the

request and instigation of defendants Drought, Leo, and Stymus, was without probable cause.

Plaintiff also alleges that at that time, defendant Cardone, District Attorney of Orleans County, threatened to indict plaintiff if he did not pay defendant Drought the money that she and defendants Leo and Stymus sought. He alleges that defendant Cardone, on a number of occasions, attempted to coerce plaintiff to pay Drought for the cut trees in an amount which was well above the value of the trees plaintiff had cut on defendant's property. Plaintiff alleges that these conversations were carried out by Cardone outside of his prosecutorial duties and under color of state law. Plaintiff alleges that when he refused to pay, defendant Cardone stated that he would indict plaintiff, and thereafter presented several charges against plaintiff to the grand jury. The charges presented were grand larceny in the third degree, criminal possession of stolen property, tampering with physical evidence, and removal of trees in violation of the Environmental Conservation Law. Plaintiff also alleges that there was no probable cause for the charges because plaintiff had acted pursuant to the valid agreement between him and defendant Gladys Drought. Plaintiff alleges that in April of 2007, the grand jury refused to indict plaintiff on most of the charges, except for the charge of tampering with evidence. That charge was dismissed later by Orleans County Court Judge Punch in August of 2007. Under the circumstances, plaintiff demands punitive damages against each defendant because their actions were willful, wanton, and reckless.

Motions to dismiss the complaint have been filed on behalf of defendants Cardone and Orleans County. "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Ruotolo v. City of New York*,

514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As to the motion of defendant Cardone, District Attorney of Orleans County, defendant argues that he is entitled to absolute immunity.

When a District Attorney, acting within his official capacity, files a charge against an individual, he is immune from liability. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protections of absolute immunity); *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) (acts that are "intimately associated with the judicial phase of the criminal process" are shielded by absolute immunity). For example, absolute prosecutorial immunity protects conduct such as maliciously initiating a prosecution, using perjured testimony at trial, and suppressing material evidence at trial. *Kalina,* 522 U.S. at 126; *Imbler*, 424 U.S. at 430. Officials are entitled to qualified rather than absolute immunity, however, when they perform investigative or administrative functions. *Kalina*, 522 U.S. at 126; *Burns v. Reed*, 500 U.S. 478, 494-96 (1991). To determine whether an action is investigative, administrative, or advocatory, the court is to apply a "functional" analysis. *Burns*, 500 U.S. at 486; *Forrester v. White,* 484 U.S. 219, 229 (1988) (court examines "the nature of the function performed, not the identity of the actor who performed it . . . ."). "[W]hen a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest–that is, when he performs functions normally associated with a police investigation–he loses his absolute protection from liability." *Carbajal v. County of Nassau*, 271 F. Supp. 2d 415, 421 (E.D.N.Y. 2003).

Though "[t]he line between a prosecutor's advocacy and investigating roles might sometimes be difficult to draw," *Zahrey v. Coffey*, 221 F.3d 342, 347 (2d Cir. 2000), the court finds that, in this case, defendant Cardone's actions were outside the role of advocate for the State. Prior to his presentation of the case to a grand jury, the prosecutor attempted to coerce the payment of restitution from plaintiff by threatening an indictment if plaintiff did not pay the amount which the other defendants claimed was due. Demanding payment on behalf of the complainants is beyond the prosecutor's jurisdiction. *See Schloss v. Bouse,* 876 F.2d 287, 291 (2d Cir. 1989) (prosecutor may not couple a threat of prosecution with demands for bribes or sexual favors). Under the circumstances, defendant Cardone ceased to be an advocate of the State and is not entitled to absolute immunity. Accordingly, the motion of the District Attorney Cardone to dismiss is denied.[1]

Defendant Orleans County has also moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that District Attorney Cardone is a representative of the State of New York, not the county. "When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the state not the county;" and, generally, a county cannot be held responsible for the district attorney's conduct. *Baez v. Hennessy,* 853 F.2d 73 , 77 (2d Cir. 1988), *cert. denied,* 488 U.S. 1014 (1989). However, a municipality can be liable for the district attorney's management of the office, such as the failure to supervise and train assistant district attorneys or the sanctioning of police misconduct. *See Walker v. City of New York,* 974 F.2d 293, 301 (2d Cir. 1992), *cert.*

---

[1] To the extent that plaintiff has sued defendant Cardone in his official capacity, such a suit is deemed to be a suit against the state, and the claims must be dismissed on the grounds of Eleventh Amendment immunity. *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993).

*denied,* 507 U.S. 961 (1993); *Gentile v. County of Suffolk,* 926 F.2d 142, 153 n.5 (2d Cir. 1991). Here, plaintiff alleges county liability based only on the actions of defendant Cardone in seeking payment from plaintiff in exchange for foregoing prosecution, and the county cannot be held liable for such misdeeds under a theory of *respondeat superior. See Walker,* 974 F.2d at 296. Moreover, plaintiff has not alleged an administrative policy that would expose Orleans County to liability pursuant to 42 U.S.C. §1983. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694-95 (1978). The motion to dismiss defendant Orleans County is granted.

A status telephone conference with the remaining parties shall be held on March 17, 2010 at 10:30 a.m. The court will initiate the call.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: Feb. 11, 2010
p:\opinions\08-414.jan2210