UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH A. KENT,

                Plaintiff,

      -vs-                                                08-CV-414-JTC

GLADYS M. DROUGHT, et al.,

                Defendants.

---

APPEARANCES:    NIRA T. KERMISCH, ESQ., Sudbury, Massachusetts, Attorney for Plaintiff.

                          MARK A. YOUNG, ESQ., Rochester, New York, Attorney for Defendants.

## BACKGROUND

Defendants Drought, Stymus, and Leo have moved, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the plaintiff's cause of action for false arrest as time-barred and for an order, pursuant to Rule 56, granting summary judgment on the plaintiff's remaining claims for malicious prosecution and civil conspiracy (Item 63).

This action was originally commenced in New York State Supreme Court, Orleans County, and was removed to this court on June 4, 2008 (Item 1). In his complaint, plaintiff alleged that he and defendant Gladys Drought entered into a contract by which plaintiff agreed to remove 79 designated trees on her property, in addition to an unspecified number of cull trees to be logged at plaintiff's discretion (Item 1, Exh. F, ¶ 7). Under the contract, plaintiff was to pay defendant Drought $11,000.00 for the designated trees, and plaintiff would pay defendant an additional sum for the cull trees based on timber volume.

*Id.*, ¶¶ 8-9. Plaintiff gave defendant Drought a check in the amount of $1,000.00 as a down payment. *Id.*, ¶ 11.

Plaintiff further alleged that on February 2, 2006, he started to cut the trees in accordance with the contract (Item 1, Exh. F, ¶¶ 15–16). On February 20, 2006, defendant Stymus, Drought's brother, accused plaintiff of theft for cutting more trees than was contemplated in the contract. *Id.*, ¶¶ 17-18. Plaintiff agreed not to dispose of the cut trees so that a representative of defendants could evaluate them. *Id.*, ¶ 19. After two weeks, in which no one came to evaluate the trees, plaintiff sold the logs. *Id.*, ¶¶ 20-21.

Plaintiff alleges that on May 23, 2006, at the instigation of defendants Drought, Stymus, and Leo, Drought's daughter, plaintiff was arrested by the New York State Police and charged with the crimes of grand larceny in the third degree, unlawful removal of protected plants, and trespass. He was arraigned and released on his own recognizance on the same day (Item 1, ¶¶ 25-28). Plaintiff alleges that in April of 2007, the grand jury returned an indictment charging him only with tampering with evidence. That charge was dismissed by Orleans County Court Judge Punch in August of 2007. *Id.*, ¶¶ 38-39.

Plaintiff has alleged three causes of action against defendants Drought, Stymus and Leo–false arrest, malicious prosecution, and conspiracy to violate plaintiff's civil rights.[1] Defendants Drought, Stymus, and Leo filed an answer to the complaint on July 16, 2008 (Item 5). At that time, they interposed a counterclaim alleging that plaintiff had added the

---

[1] Plaintiff also brought suit against Orleans County and the Orleans County District Attorney Joseph V. Cardone. In lieu of an answer, those defendants filed a motion to dismiss. In a Decision and Order filed February 18, 2010, this court granted the motion as to the County of Orleans, but denied the motion as to defendant Cardone (Item 21). Cardone appealed that order, the Second Circuit reversed, and the case was dismissed as to Cardone.

language regarding the cull trees after Drought had signed the contract. They further alleged that plaintiff cut 198 trees on plaintiff's property, well in excess of the 79 trees originally designated. Defendants obtained an appraisal of the cut timber and noted that plaintiff had paid only the $1,000.00 down payment. *Id.*, ¶¶ 14 - 22. Accordingly, they sought a judgment in the amount of $21,726.00.

On December 29, 2009, the defendants filed a motion to dismiss and for summary judgment (Item 16). Plaintiff then filed a motion seeking to dismiss the counterclaim (Item 23). In a Decision and order dated October 29, 2010, the court denied both motions (Item 38). Thereafter, the parties proceeded to conduct discovery.

Defendants filed the current motion to dismiss and/or for summary judgment on January 30, 2012 (Item 63). Plaintiff filed a response to the motion on May 7, 2012 (Items 69 - 80). Defendants filed a reply on June 12, 2012 (Item 84). The court determined that oral argument was not necessary. For the reasons that follow, the defendants' motion to dismiss and/or for summary judgment is granted.

**FACTS**

In support of the motion, defendants have submitted the deposition testimony of Gladys Drought (Item 63, Exh. C), Sharon Leo (Item 63, Exh. D), Edward Stymus (Item 63, Exh. E), and Benjamin Litfin (Item 63, Exh. G), supporting depositions given by defendants Drought and Stymus to the New York State Police (Item 63, Exh. H), and e-mails from defendant Leo to State Police Investigator Michael Notto (Item 63, Exh. H). New York State Trooper Benjamin Litfin testified that he was instructed by Investigator Michael Notto to interview and obtain statements from defendants Drought and Stymus (Item 63, Exh.

G, p. 5). He was told to obtain the depositions so that the New York State Police could make an arrest of plaintiff. *Id.,* p. 8.

On February 25, 2006, defendant Gladys Drought gave a supporting deposition to Trooper Litfin (Item 63, Exh. H, att. 43). In it, she stated that she agreed to allow plaintiff to take 79 trees from her property for $11,000. Plaintiff gave her a check for $1,000.00. Defendant Drought further stated that plaintiff agreed to leave the trees on the property until she could have their value assessed, but plaintiff subsequently removed the logs. Defendant Drought stated that her daughter counted 188 to 190 tree stumps. The deposition states that defendant Drought "would like an arrest made for the missing and stolen property and full reimbursement/restitution." *Id.* In his supporting deposition, defendant Stymus stated that on February 20, 2006, he spoke to plaintiff and told him that he thought plaintiff was taking too many trees for the agreed price of $11,000 (Item 63, Exh. H, att. 49). He instructed plaintiff to leave the logs on the property so that they could be appraised. On February 26, 2006, he and defendant Leo counted approximately 188 tree stumps. He "felt Gladys was being scammed and more trees were being removed than contracted." *Id.* Stymus further stated that he "would like to see Gladys be paid restitution and this agreement made right." *Id.*

Ms. Leo testified in an examination before trial that in February 2006, one of her uncles told her that plaintiff was cutting more trees than was allowed by the terms of the contract with defendant Drought, (Item 63, Exh. D, p. 6). On February 26, 2006, Ms. Leo took some photographs of the affected area of her mother's property and telephoned the New York State Department of Environmental Conservation ("DEC"). Her call was then transferred to the New York State Police *Id.,* p. 12. Ms. Leo told the State Police that

4

plaintiff had taken more trees than was allowed by the contract. *Id.,* p. 13. She saw the provision in the contract allowing plaintiff to take additional cull trees at his discretion, but felt that her mother had been taken advantage of due to the recent death of her son, and that the contract was "not a good contract." *Id.,* pp. 15 - 16. Later, when plaintiff's brother attempted to deliver Drought a check for $10,000.00, Drought refused to accept the check based on the advice of Leo and Investigator Notto. *Id.,* p. 25.

Edward Stymus testified that he confronted plaintiff about the number of trees he had cut and told him to leave the logs so that he could have their value assessed (Item 63, Exh. E, p. 7). Stymus believed that his sister, defendant Drought, was being cheated, and he expressed this view to the State Police. *Id.,* p. 21.

In an e-mail to Investigator Michael Notto of the New York State Police dated February 28, 2006, defendant Leo advised him that she consulted an expert in forestry law (Item 63, Exh. H, att. 52). After a review of the contract, she was told "that there really is no recourse for my mother. . . . If there is another way to go after [plaintiff], I'm willing to keep at it." *Id.* In a later e-mail dated February 28, 2006 (Item 63, Exh. H, att. 53), defendant Leo advised Investigator Notto that "Kent started hauling truck loads of logs of [sic] the lane yesterday per Ed Stymus." *Id.* In an e-mail dated May 2, 2006, defendant Leo advised Notto that plaintiff's brother attempted to pay for the lumber (Item 63, Exh. H, att. 54). She asked if Drought should accept that check given the ongoing investigation. *Id.*

In opposition to the motion, plaintiff has submitted the grand jury testimony of defendant Drought (Item 70). Mrs. Drought stated that on January 31, 2006, plaintiff came

to her home and asked if he could remove timber from her property. He had marked 79 trees that he would take for $11,000.00 and gave her $1,000.00 as a down payment. *Id.,* p. 30. She did not recall plaintiff's telling her about his right to remove cull trees. *Id.* Mrs. Drought, who was 87 years old at the time of this meeting, did not recall seeing the language regarding the cull trees in the contract. *Id.,* p. 36.

Plaintiff also submitted the complaint filed by defendant Leo with the DEC (Item 72, Exh. D). Ms. Leo stated that her mother had entered into a contract with plaintiff for the logging of 79 trees, but he had removed over 200 trees. She further stated that "her mother wished to have charges pressed for the larceny of the trees cut beyond the 79 specified in the contract." *Id.*

## DISCUSSION

### 1. Statute of Limitations

Defendants first contend that the cause of action for false arrest is barred by the statute of limitations. In New York, claims for malicious prosecution, false arrest, and false imprisonment all carry a one-year statute of limitations. *See Johnson v. City of New York,* 669 F. Supp. 2d 444, 454 (S.D.N.Y. 2009); N.Y.C.P.L.R § 215(3). For false arrest or false imprisonment claims, this limitations period runs from "the date upon which the confinement terminates." *Johnson,* 669 F. Supp. 2d at 454; *Mejia v. City of New York,* 119 F. Supp. 2d 232, 234 (S.D.N.Y. 2000) (citations omitted). In this case, plaintiff was arrested on May 23, 2006 and was released on his own recognizance that day. The summons was not filed in state court until April 3, 2008, nearly two years after the false arrest claim accrued.

Plaintiff acknowledges the one-year statute of limitations, but contends that the causes of action are a "hybrid" of false arrest and malicious prosecution, and thus should not be dismissed as untimely since the malicious prosecution claim is timely. The court reads the complaint as plainly alleging separate claims for false arrest (counts 1-3) and malicious prosecution (count 4). Plaintiff also argues that defendants have waived the statute of limitations defense because they did not seek dismissal on this basis in an earlier motion. The defense of statute of limitations was sufficiently preserved when defendants raised it in their answer. *See Colon v. Goord,* 115 Fed. Appx. 469, 470 (2d Cir. 2004); *Jean-Laurent v. Hennessy,* 840 F.Supp.2d 529, 559, n.18 (E.D.N.Y. 2011). Defendants are not required by the Federal Rules to move to dismiss on the basis of the statute of limitations at any particular time.[2] Accordingly, the court finds that the statute of limitations defense was properly preserved, plaintiff's cause of action for false arrest is untimely, and the false arrest claim is dismissed.

## 2. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific

---

[2] The court also acknowledges that the motion to dismiss is properly made pursuant to Rule 12(c) rather than Rule 12(b)(6), but defendant's misidentification of the section is of no import.

facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . . ." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011)). In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 37 (2d Cir. 1994).

### 3. Malicious Prosecution

To prevail on a claim of malicious prosecution, a plaintiff must prove "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983). A civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, is generally not liable for malicious

prosecution. *See Du Chateau v. Metro-North Commuter R.R. Co.*, 688 N.Y.S.2d 12, 15 (App. Div.1999). However, a complainant may be liable if he "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Viza v. Town of Greece,* 463 N.Y.S.2d 970, 972 (App. Div. 1983); *see also Brown v. Nassau County,* 760 N.Y.S.2d 655 (App. Div. 2003) (civilian complainant can be liable for false arrest and malicious prosecution if she intentionally provided false evidence to the police resulting in the plaintiff's arrest and prosecution).

Here, plaintiff alleged that defendants knowingly made false statements to authorities which led directly to his arrest and the presentation of charges to the grand jury. He further alleged that his arrest was without probable cause, that the proceedings terminated in his favor, and that the defendants acted with malice. In support of their motion for summary judgment, defendants argue that they merely provided the State Police with information, and the police, with the District Attorney, chose to commence a criminal proceeding against the plaintiff. Defendants also contend that plaintiff has failed to show that they acted with actual malice.

Plaintiff has failed to offer evidence that defendants did anything more than take their complaints to the New York State Police. They expressed their view to the authorities that plaintiff should be arrested for larceny and they sought reimbursement for the logged timber, but there is no evidence that they gave advice to the authorities or improperly encouraged plaintiff's arrest. To the extent that plaintiff argues that the defendants knowingly gave false information to the authorities, he bases this argument on his view that the defendants failed to advise the State Police that plaintiff was permitted to take additional cull trees as part of the contract. However, defendant Leo testified that the State

9

Police reviewed the contract (Item 63, Exh. D, p. 14). At the time of his arrest, plaintiff had specified 79 trees to be removed but logged approximately 200 trees from the property of defendant Drought, had paid her only $1,000.00, and had removed the logs after agreeing to keep them on the property pending an appraisal. Despite his right to take cull trees, and despite his later exoneration by the grand jury, the defendants had a reasonable basis to believe that plaintiff had committed a crime. "[E]ven if a civilian complainant is ultimately incorrect in his belief as to whether a person is committing a crime, he need only have had a reasonable basis for this belief in order to have the probable cause necessary to defeat a malicious prosecution or false arrest claim." *TADCO Const. Corp. v. Dormitory Auth. of the State of N.Y.*, 700 F. Supp. 2d 253, 275 (E.D.N.Y. 2010) (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 78–79 (2d Cir. 2008)).

Additionally, plaintiff has failed to offer any evidence of malice. To establish malice, plaintiff must demonstrate that the defendants "commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *See Du Chateau,* 688 N.Y.S.2d at 15 (quoting *Nardelli v. Stamberg*, 377 N.E.2d 975, 976 (N.Y. 1978)). Here, plaintiff argues that the defendants acted out of greed and a desire to extort money to which they are not entitled (Item 75, p. 6). A party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence" in support of his factual assertions. *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998); *Self v. Dep't of Educ. of the City of New York*, 844 F. Supp. 2d 428, 434 (S.D.N.Y. 2012).

In his statement to the New York State Police, defendant Stymus stated that he felt Mrs. Drought had been "scammed," that "more trees were being removed than contracted," and that he "would like to see Gladys be paid restitution and this agreement made right." (Item 63, Exh. H, att. 49).  Defendant Leo stated that she felt that her mother had been taken advantage of due to the recent death of her son (Item 63, Exh. D, p. 15).  The record indicates that, despite plaintiff's right to remove cull trees at his discretion, defendant Drought was unclear as to the meaning of that provision of the contract (Item 70, p. 36). The defendants' motivation in contacting the police was not improper, as they sought reimbursement or restitution and to protect the rights of the 87-year-old defendant Drought.

Even viewing the evidence in the light most favorable to plaintiff and giving him the benefit of all reasonable inferences, he has not provided sufficient evidence from which a reasonable juror could infer that the defendants acted with any improper motive.  His allegations of greed and extortion are mere speculation, and such "conclusory statements or mere allegations" will not suffice to defeat a summary judgment motion.  *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).  Accordingly, the court finds that plaintiff has failed to establish an essential element of the cause of action, and the claim of malicious prosecution is dismissed.

### 4. Conspiracy to Violate Civil Rights

Defendants argue that plaintiff's civil conspiracy claim must be dismissed along with the false arrest and malicious prosecution claims.  Like New York law, federal jurisprudence does not recognize civil conspiracy to commit a tort as an independent cause of action.  *Beck v. Pupris,* 529 U.S. 494, 503-505 (2000); *Brady v. Lynes,* 2008 WL

2276518, *9 (S.D.N.Y. June 2, 2008); *Pappas v. Passias,* 707 N.Y.S.2d 178, 180 (App. Div. 2000); *Alexander & Alexander of N. Y., Inc. v. Fritzen,* 503 N.E.2d 102, 102-03 (N.Y. 1986).  A civil conspiracy claim stands or falls with the underlying tort.  *Nelson v. Publishers Circulation Fulfillment, Inc.,* 2012 WL 760335, *8 (S.D.N.Y. March 7, 2012).  Accordingly, as the false arrest and malicious prosecution claims are dismissed, the civil conspiracy claim is likewise dismissed.  *See Brady v. Lynes, supra.*

## CONCLUSION

The defendants' motion to dismiss and /or for summary judgment is granted, and the plaintiff's complaint is dismissed.  Defendants may proceed with the prosecution of their counterclaim.  The parties shall participate in a telephone conference on September 19, 2012 at 1:30 p.m., at which time a further schedule will be determined.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  8/29  , 2012
p:\opinions\08-414.aug212012